UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **RAYNALDO SAMPY** | * | **CIVIL ACTION NO.: 24-CV-0169** |
| | * | |
| **VERSUS** | * | **JUDGE:  ROBERT R. SUMMERHAYS** |
| | * | |
| **BORNE WILKES AND RABALAIS, L.L.C.** | * | **MAGISTRATE JUDGE: CAROL B. WHITEHURST** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF RULE 12 MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Defendant, Borne Wilkes and Rabalais, LLC, submits the following Memorandum in Support of its Rule 12 Motion to Dismiss.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On May 5, 2018, Raynaldo Sampy was arrested and charged with Battery on a Police Officer (Case No. SC201800045) and OWI – 1st Offense (Case No. DT201800238)  arising out of an encounter with Lafayette Police officers at Sid's One Stop. The case proceeded to trial in the City Court of Lafayette Division 'B' under presiding Judge Douglas Saloom and Mr. Sampy was found guilty on both charges. Attorney Joy Rabalais's only involvement in this matter was to appear in response to a subpoena in order to provide documents in the possession of Lafayette City-Parish Consolidated Government. Mr. Sampy was represented by criminal defense attorney Brett L. Grayson.

Following his conviction, on May 4, 2019, plaintiff filed suit in this Court asserting claims under 42 U.S.C. §1983 and other related claims arising out of his criminal proceedings against Lafayette City-Parish Consolidated Government and multiple police officers for Lafayette City-Parish Consolidated Government including Jonathan Rabb, Brandon Dugas, Ian Journet, Segus

Jolivette, Michael Darbonne, Asher Reaux, and Jordan Colla. *Sampy v. Rabb, et al*, U.S.D.C. Western District of Louisiana, Lafayette Division, Case No. 6:19-cv-00580 ("Sampy I"). Joy Rabalais served as attorney for defendants in that matter where the case proceeded to a jury trial and was closed following a verdict in favor of defendants.[1]

Plaintiff, Raynaldo Sampy, subsequently filed this lawsuit (among others[2]) based on the same incident without the assistance of legal counsel and *in forma pauperis*. Plaintiff's other lawsuits include Case No. 24-cv-00146 against Officer Rabb and all other officers from his previous civil suit as well as Case No. 24-cv-00147 against Judge Douglas Saloom and the Lafayette City Court. Plaintiff filed these suits based on the same incident and asserting the same claims as adjudicated in the prior civil rights suit. Those cases were screened under 28 U.S.C. § 1915(e)(2)(B) to determine whether plaintiff's claims were frivolous, malicious, or failed to state a claim upon which relief may be granted and were both dismissed for failure to state a claim upon which relief may be granted following a pre-screening review by Magistrate Judge Whitehurst.[3]

Plaintiff filed his Original Complaint in this matter on February 5, 2024, claiming Fourth Amendment violations, Brady violations, and tampering under 18 U.S.C. 1512 by Attorney Joy Rabalais in connection with his criminal proceedings and subsequent civil rights suit.[4] In his complaint, Plaintiff claims Attorney Joy Rabalais orchestrated events with the prosecutor in his criminal proceedings in order to convict him and that she manipulated and tried to "coerce" witness testimony in the civil trial.[5] On April 1, 2024, Plaintiff personally delivered the "Proof of Service" portion of the summons to defendants.[6]

---

[1] Judgment in favor of Defendants [Doc. 136] of Case No. 19-cv-00580
[2] See also Cases No. 23-cv-00747; 24-cv-00147; and 24-cv-00146.
[3] Magistrate Judge's Report and Recommendation [Doc. 5] of Case No. 24-cv-00146 and Judgement granting Report and Recommendations [Doc. 8] of Case No. 24-cv-00147.
[4] Rec. Doc. 1
[5] *Id*.
[6] Rec. Doc. 4

2

## II. <u>INSUFFICIENT SERVICE OF PROCESS</u>

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *See, Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd*, 484 U.S. 97, 104 (1987). Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4. *Systems Signs v. U.S.D.O.J.*, 903 F.2d 1011, 1013 (5th Cir. 1990). Although insufficient service of process does not necessarily warrant dismissal, the court may dismiss the complaint for failure to comply with Rule 4 or quash the service, thereby permitting the plaintiff to attempt to properly serve the defendant. *Id*.; *Miller v. Baltimore City Bd. of Sch. Com'rs*, 833 F. Supp. 2d 513, 516 (D. Md. 2011).

Federal Rule of Civil Procedure 12(b)(5) provides that a Court may dismiss a claim for insufficiency of service of process. The requirements for service of process are found in Rule 4 of the Federal Rules of Civil Procedure. Rule 4(c)(1) states that a summons must be served with a copy of the complaint. Rule 4(e)(1) states that an individual may be served by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Rule 4(h)(1) states that a corporation, partnership, or association must be served in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant. Rule 4(c)(3) states that a court must order service by a marshal or someone specially appointed if the plaintiff is authorized to proceed in *forma pauperis*. Additionally, Rule 4(c)(2) states that any person who is at least 18 years old and not a party may serve a summons and complaint.

Here, Plaintiff does not follow any of these requirements for sufficient service of process. The plaintiff, himself, personally delivered the Proof of Service to Defendants which is clearly prohibited under Federal Rule of Civil Procedure 4(c)(2). In addition, the document delivered was not the summons but only the Proof of Service and did not include a copy of the complaint as required under Federal Rules of Civil Procedure 4(c)(1), 4(e)(1), and 4(h)(1). The court also did not order service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court as required under Rule 4(c)(3) due to the plaintiff proceeding in *forma pauperis*. Therefore, plaintiff's claims should be dismissed for insufficiency of service of process.

### III.    FAILURE TO STATE A CLAIM FOR RELIEF

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). In reviewing a plaintiff's claims, the court can consider all documents attached to the complaint and those attached to a motion to dismiss if referenced in the complaint and central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 498-99 (5th Cir. 2000).

### a. Claims based on September 2019 Conviction are Time Barred.

Plaintiff's claims are based on his September 2019 conviction, and the time limitations must be addressed. 42 U.S.C. §1983 does not contain a statute of limitations. Therefore, federal law looks to the applicable state law statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Specifically, the court is to apply the state's statute of limitations applicable to personal injury actions. *Id*., citing *Owens v. Okure*, 488 U.S. 235, 249–250 (1989), and *Wilson v. Garcia*, 471 U.S. 261, 279–280 (1985). In Louisiana, the prescriptive period for personal injury actions is one year. La. C.C. art. 3492. However, the accrual date for a §1983 cause of action is governed by federal law, rather than state law. *Wallace*, 549 U.S. at 388. "Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). Plaintiff was convicted on September 6, 2019, and his motion for new trial was denied on September 6, 2022. He filed this suit on February 1, 2024, well over one year after either date. His claims are time-barred on the face of the pleadings and should be dismissed.

### b. Brady Violations do not apply to Defendant.

Before any finding of liability against Defendant under 42 U.S.C. § 1983, Plaintiff must first establish that he suffered a constitutional injury. In this case, Plaintiff alleges his injury was his right to a fair trial due to the alleged wrongful withholding of Brady material by Joy Rabalais.

Brady requires production of all exculpatory evidence to the defendant in a criminal proceeding. Prosecutorial suppression of exculpatory evidence violates due process when the evidence is material either to guilt or to punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

There are three components of a true Brady violation: (1) the evidence at issue, whether exculpatory or impeaching, must be favorable to the accused; (2) that evidence must have been

suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Canales v. Stephens*, 765 F.3d 551, 574 (5th Cir. 2014).

Here, the Defendant is not the State. Joy Rabalais was not a party to the original criminal matter nor a prosecutor of any sort in that action. Rather, she appeared to provide documents on behalf of LCG that were subpoenaed. She also did not testify, she simply brought responsive documents. Additionally, Plaintiff was represented by criminal defense counsel. Further, Ms. Rabalais was not acting under color of law—she simply responded to certain subpoena duces tecum (SDT) served in defendant's criminal trial. She was not a prosecutor and therefore had no Brady duty.

### c.  There is no valid claim for "tampering" under 18 U.S.C 1512.

Plaintiff claims Joy Rabalais violated 18 U.S.C 1512 by tampering with witnesses and destroying evidence. 18 U.S.C. 1512 states:

> (b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to--
> 
>  (1) influence, delay, or prevent the testimony of any person in an official proceeding;
>  (2) cause or induce any person to--
>   (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding;
>   (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;
>   (C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or
>   (D) be absent from an official proceeding to which such person has been summoned by legal process;
> (c) Whoever corruptly--
>  (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
>  (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

Plaintiff claims that Ms. Rabalais acted intentionally and maliciously by providing the prosecutor and police with her own testimony to follow in the criminal proceedings and throughout the civil trial.[7] To reiterate, Ms. Rabalais was not a party to the original criminal matter nor a prosecutor of any sort in that action. Rather, she only provided documents on behalf of LCG that were subpoenaed and did not personally testify or provide any testimony in the criminal proceedings.[8] Additionally, no evidence was tampered with, destroyed or wrongfully withheld and no testimony was provided to any prosecutor or witnesses in any way in either his criminal or civil proceedings.

IV. **CONCLUSION**

For the foregoing reasons, Defendant, Borne Wilkes and Rabalais, LLC's Motion to dismiss should be granted for failure to state a claim upon which relief can be granted. Plaintiff's claims relating to his September 2019 conviction are now time barred as it is well past the one-year time period. Defendant has no Brady duty to the Plaintiff as she was not acting under the color of the law, did not testify, nor was a prosecutor. Ms. Rabalais, as a civil attorney, has no obligation under Brady to the plaintiff as a criminal defendant. Finally, Plaintiff has no valid claim and cannot show in any way that Defendant violated 18 U.S.C. 1512 by tampering with witness testimony or destroying evidence. Therefore, this Motion to Dismiss should be granted with prejudice and at Plaintiff's cost.

---

[7] Rec. Doc. 1
[8] "*State of Louisiana vs. Raynaldo Sampy*," Docket Numbers DT201800238 and SC201800045, Lafayette City Court, Lafayette, Louisiana.

Respectfully submitted,

MAHTOOK & LAFLEUR, L.L.C.

  /s/ Kay A. Theunissen
KAY A. THEUNISSEN #17448
MAILING ADDRESS:
Post Office Box 3089
Lafayette, Louisiana 70502
PHYSICAL ADDRESS:
600 Jefferson Street
Suite 1000
Lafayette, Louisiana 70501
TEL:  (337)266-2189
FAX: (337)266-2303
Email:  ktheunissen@mandllaw.com
Attorney for Defendant, Borne Wilkes and Rabalais, LLC

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( ) Hand Delivery           ( ) Prepaid U.S. Mail

( ) Facsimile               ( ) Federal Express

( ) Electronic Mail         ( ) CM/ECF Court Filing System

_____, Louisiana this _____ day of _____, 2024

  /s/ Kay A. Theunissen
KAY A. THEUNISSEN