## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

RAYNALDO MARKEITH SAMPY JR          CASE NO.  6:24-CV-00169

VERSUS                              JUDGE DAVID C. JOSEPH

BORNE WILKES RABALAIS LLC           MAGISTRATE JUDGE CAROL B. WHITEHURST

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss pursuant to F.R.C.P. Rule 12(B)(5) for insufficient service of process and Rule 12(b)(6) failure to state a claim. (Rec. Doc. 7). Plaintiff filed an opposition and a motion to amend the complaint (Rec. Doc. 9), to which Defendant responded (Rec. Doc. 10). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Defendant's motion be granted.

## Factual Background

Plaintiff, Raynaldo Sampy, filed this lawsuit without the assistance of legal counsel and *in forma pauperis*. This suit is one of several such suits arising out of an encounter with Lafayette Police officers at a convenience store on May 5, 2018.

After the encounter, on September 4, 2019, Sampy was convicted in Lafayette City Court of first offense OWI and battery of a police officer. (Case No. 6:19-cv-00580, Rec. Doc. 14-1, p. 98-108). His conviction was upheld by the Louisiana Third Circuit Court of Appeal and the Louisiana Supreme Court. (*Id*. at Rec. Doc. 14-2). Later, through counsel, he filed a §1983 civil action. *Sampy v. Rabb, et al*, U.S.D.C. Western District of Louisiana, Lafayette Division, Case No. 6:19-cv-00580 ("*Sampy I*"). That case proceeded to a jury trial and was closed following a defense verdict. Sampy's appeal to the Fifth Circuit is pending.

Since the dismissal of his civil action, Sampy has filed multiple *pro se* lawsuits, three of which, including the instant case, relate to the 2018 police encounter. The Court dismissed two suits, Cases No. 24-cv-00146 and 24-00147, at the outset for failure to state claims. In the instant case, Sampy sued Borne, Wilkes, and Rabalais ("BWR"), the law firm of attorney Joy Rabalais, defense attorney in *Sampy I* (see generally *Sampy I*). Sampy alleges that Ms. Rabalais testified at his criminal trial and later made statements during the *Sampy I* civil trial regarding the officers' dash camera footage during the encounter. He seeks to recover on claims that Ms. Rabalais somehow denied him access to Brady materials based on her alleged statements. (Rec. Doc. 1). BWR moves to dismiss Sampy's claims for insufficient service of process and failure to state a claim.

2

## Law and Analysis

### I.    Service of Process.

BWR moves to dismiss Sampy's claims for insufficient service of process. Under Federal Rule of Civil Procedure (12)(b)(5). Rule 4(c) of the Federal Rules of Civil Procedure provides:

> **(1)** *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> **(2)** *By Whom.* Any person who is at least 18 years old and not a party may serve a summons and complaint.
>
> **(3)** *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915[.]

BWF submits that Sampy personally delivered a copy of the proof of service from the summons form—without a copy of the complaint or the actual summons—to the BWF office. This is not proper service. Plaintiff requested a reissuance of the summons (Rec. Doc. 5 and 6), and the ninety-day delay for service required by Rule 4(m) expired on May 6, 2024. Sampy has not yet filed sufficient proof of service forms. Regardless, as discussed below, the Court finds that he has failed to state claims such that the suit should be dismissed without further opportunity to serve.

## II.    <u>Failure to State a Claim.</u>

BWR also moves to dismiss Sampy's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). The court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The court is also permitted to take judicial notice of public records as well as facts which are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011). Thus, the Court has considered the public records in the *Sampy I* proceedings.

The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr.*

*Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

BWR argues Sampy's claims are time-barred. The most reasonable interpretation of Sampy's complaint is that he attempts to assert claims under 42 U.S.C. §1983, which does not contain a statute of limitations. Therefore, federal law looks to the applicable state law statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The court is to apply the state's statute of limitations applicable to personal injury actions. *Id.*, citing *Owens v. Okure,* 488 U.S. 235, 249–250 (1989), and *Wilson v. Garcia,* 471 U.S. 261, 279–280 (1985). In Louisiana, the prescriptive period for personal injury actions is one year. La. C.C. art. 3492. However, the

accrual date for a §1983 cause of action is governed by federal law, rather than state law. *Wallace,* 549 U.S. at 388. "[T]he limitations period begins to run when a plaintiff knows or has reason to know of the injury[.]" *Brossette v. City of Baton Rouge*, 29 F.3d 623 (5th Cir. 1994), citing *McGregor v. Louisiana State Univ. Bd. of Supervisors,* 3 F.3d 850, 863 (5th Cir.1993), *cert. denied,* 510 U.S. 1131, 114 S.Ct. 1103, 127 L.Ed.2d 415 (1994).

Judicial records show that after the May 2018 police encounter underlying his claims, Sampy was convicted on September 4, 2019. (*Sampy I*, Rec. Doc. 1). Sampy alleges in this suit that Ms. Rabalais's testimony regarding availability of the dash camera footage changed between the criminal proceedings in 2019 and the *Sampy I* civil trial in 2023. (Rec. Doc. 1). He alleges in the complaint that his claims are not time-barred because Ms. Rabalais made statements regarding the video at the civil trial on December 23, 2023. To the extent Sampy's claims arise from Ms. Rabalais's alleged testimony at the September 2019 criminal proceedings, his claims are prescribed. To the extent Sampy's claims arise from Ms. Rabalais's alleged statements at the *Sampy I* trial, those arguments must be asserted in the appeal of that matter, which remains pending. This Court lacks jurisdiction over final judgments and related issues once appealed to the Fifth Circuit. 28 U.S.C.A. § 1291.

Additionally, Sampy has not asserted valid claims for "Brady violations," which do not apply to non-state actors, such as Ms. Rabalais or BWR. See *Gaitan v.*

6

*Saenz*, No. 21-40042, 2022 WL 1981047, at *2 (5th Cir. June 6, 2022) (unpublished), dismissing purported §1983 claims against an attorney involved in a prior case. Further, Sampy does not assert a viable claim for "tampering" under 18 U.S.C. §1512, which is a criminal statute lacking a civil cause of action. Insofar as tampering could support a §1983 claim, BWR and Ms. Rabalais are non-state actors. Accordingly, to the extent the Court has jurisdiction over any claims (those arising from the 2019 conviction), the Court finds Sampy's claims are time-barred and his complaint should be dismissed with prejudice. Otherwise, the Court lacks jurisdiction over Sampy's claims arising out of the 2023 civil trial in *Sampy I*. As such, those claims should also be dismissed.

### III.    Plaintiff's request to amend.

In his opposition to Defendant's motion to dismiss, Sampy seeks leave to amend his suit to include claims under the Civil Rights Act "to avoid multiple cases being filed." (Rec. Doc. 9, p. 2). The Fifth Circuit authorizes the district court to dismiss a *pro se* litigant's case without allowing an opportunity to amend if amendment would be futile:

> Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. Rule 15(a) provides that leave to amend shall be "freely" given "when justice so requires." The language of this rule evinces a bias in favor of granting leave to amend. Granting leave to amend, however, is not required if the plaintiff has already pleaded her "best case." … Similarly, a district court need not grant a futile motion to amend. Futility is determined under Rule

12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted.

*Wiggins v. Louisiana State Univ.-Health Care Servs. Div.,* 710 F. App'x 625, 627 (5th Cir. 2017) (unpublished) (cleaned up).

Having interpreted Plaintiff's existing purported claims as brought under §1983 (which provides a civil cause of action for violations of the Civil Rights Act, see generally *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S. Ct. 1598 (1970)), the Court finds that Sampy's requested amendment would be futile. Accordingly, the Court finds that his request to amend should be denied.

## <u>Conclusion</u>

For the reasons discussed herein, the Court recommends that Borne, Wilkes, Rabalais, LLC's Motion to Dismiss (Rec. Doc. 7) should be GRANTED, that Plaintiff's Motion for Leave to Amend Complaint (Rec. Doc. 9) should be DENIED, and that Plaintiff's claims should be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

8

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 16th day of May, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE